UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

        Plaintiff,

v.

DENNIS DOREN, *et al.*,

        Defendants.

Case No. C08-5481 BHS/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Icting Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally

ORDER
Page - 1

participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In his Complaint, Plaintiff purports to sue Dennis Doren for medical malpractice. (Dkt. # 7)[1] Plaintiff alleges that Defendant Doren committed malpractice in evaluating and testing Plaintiff and that as a result of Defendant Doren's malpractice, Plaintiff has been wrongfully imprisoned for the past eight and one-half years. *Id*., p. 8. Plaintiff further alleges that Defendant Doren's false evaluation and diagnosis was presented to the Attorney General's Office with the sole purpose to establish Plaintiff's arbitrary detention. *Id*., p. 11.

However, "a complaint that a physician has been negligent in diagnosis or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (9th Cir. 1998).

Moreover, when a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged

---

[1] Plaintiff originally filed his proposed civil rights complaint on July 14, 2008, along with his application to proceed *in forma pauperis*. (Dkt. # 1). On August 5, 2008, Plaintiff filed a proposed Amended Prisoner Civil Rights Complaint for Medical Malpractice. (Dkt. # 7). Plaintiff failed to sign the Amended Complaint. In a separate Declaration filed on July 31, 2008, Plaintiff declares that "the statements in this civil action are true and correct to the best of his knowledge." (Dkt. # 5).

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

In this case, Plaintiff seeks $1.5 million in compensatory damages resulting from his alleged illegal incarceration. (Dkt. # 7, p. 11). Plaintiff alleges that Defendant Doren's false evaluation and diagnosis data was presented for the sole purpose of establishing the basis for his "arbitrary detention." *Id*.

As Plaintiff is challenging the validity of his conviction, then it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. The Court also notes that Plaintiff has previously filed a complaint in which he named Defendant Doran and was previously warned about attempting to raise habeas corpus issues. *See* C07-5540RBL. That action has been dismissed without prejudice for failure to state a claim. (Dkt. # 49).

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed **October 3, 2008**. The amended complaint must carry the same cause number case number as this one. If an amended complaint is not timely filed or if plaintiff ails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous

1 pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

2 Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an
3 original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios,*
4 *Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S.
5 915 (1992). Thus, if Plaintiff chooses to file an amended complaint, the Court will not consider his
6 original complaint.

7 The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended
8 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
9 Plaintiff.

10 Dated this 2nd day of September, 2008.

Karen L. Strombom
United States Magistrate Judge