UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

          Plaintiff,

v.

DENNIS DOREN,

          Defendant.

Case No. C08-5471 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED:**
**November 14, 2008**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and 4. The Court is advised by Plaintiff that he no longer wishes to pursue this action. Dkts. # 13 and 14. Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

## DISCUSSION

On July 14, 2008, Plaintiff filed an application to proceed *in forma pauperis* and submitted a proposed complaint. Dkt. # 1. On August 27, 2008, Plaintiff's application to proceed *in forma pauperis* was granted. Dkt. # 9. On September 3, 2008, the Court advised Plaintiff that it would not serve his complaint and directed Plaintiff to file an amended complaint or show cause why the complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. # 11.

REPORT AND RECOMMENDATION
Page - 1

Plaintiff alleges in his Complaint that Defendant Doren committed malpractice in evaluating and testing Plaintiff and that as a result of Defendant Doren's malpractice, Plaintiff has been wrongfully imprisoned for the past eight and one-half years. (Dkt. # 7, p. 8). Plaintiff further alleges that Defendant Doren's false evaluation and diagnosis was presented to the Attorney General's Office with the sole purpose to establish Plaintiff's arbitrary detention. *Id*., p. 11. The Court advised Plaintiff that "a complaint that a physician has been negligent in diagnosis or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Dkt. # 11.

In addition, as Plaintiff is challenging the validity of his conviction and seeks compensatory damages for his alleged wrongful detention, the Court advised him that it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. Dkt. # 11. The Court also noted that Plaintiff has previously filed a complaint in which he named Defendant Doran and was previously warned about attempting to raise habeas corpus issues. (*See* C07-5540RBL. That action has been dismissed without prejudice for failure to state a claim.)

Plaintiff did not amend his complaint as ordered. Instead, on September 19, 2008 and September 30, 2008, Plaintiff filed motions to withdraw this action. Dkts. # 13 and 14. Plaintiff states that he no longer wishes to pursue this action, but will pursue "relief through the habeas corpus process." *Id*.

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

No adverse party has yet been served in this action.

## CONCLUSION

The Court should dismiss this action as Plaintiff has voluntarily requested dismissal. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written

objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 14, 2008,** as noted in the caption.

DATED this  17th  day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3